IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEMEE, et al., | CASE NO. CV F 12-2048 LJO SKO |
| Plaintiff, | **ORDER TO DISMISS** |
| vs. | (Docs. 4, 5.) |
| BRENT HARRINGTON, et al., | |
| Defendants. / | |

### BACKGROUND

This Court's January 8, 2013 order ("January 8 order") withdrew the bankruptcy reference of plaintiffs Michael Nemee and Michelle Nemee's ("plaintiffs'") underlying adversary proceeding, stayed this action, and ordered the parties, no later than March 21, 2013, to file a status report to address a related appellate proceeding. After the parties failed to file a status report, this Court's March 25, 2013 notice of intent to dismiss and close action ("March 25 notice") stated that "this Court will dismiss and close this action, unless no later than April 1, 2013, a joint status report or other papers are filed showing good cause not to dismiss or close this action. **This Court ADMONISHES the parties that failure to comply with this order will result in dismissal of this action with or without prejudice.**" (Bold in original). Defense counsel filed an April 1, 2013 declaration that plaintiffs' counsel failed to respond

1

to a request for a joint status report. Plaintiffs filed no papers to respond to the January 8 order or March 25 notice.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as plaintiffs indicate a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The March 25 notice stated that "this Court will dismiss and close this action, unless no later than April 1, 2013, a joint status report or other papers are filed showing good cause not to dismiss or close this action.  **This Court ADMONISHES the parties that failure to comply with this order will result in dismissal of this action with or without prejudice.**"  (Bold in original).

Plaintiffs disobeyed the January 8 order by failing to prepare a status report.  Plaintiffs ignored the March 25 notice which gave plaintiffs a further opportunity to file a status report.  Despite the clear directives of the January 8 order and the March 25 notice, plaintiffs failed to file a simple status report as they were ordered to do.  Plaintiffs received adequate warning that dismissal will result from disobedience of this Court's orders and failure to file a status report.  Quite simply, plaintiffs disobeyed the January 8 order and March 25 notice to subject this action to dismissal.

Moreover, this Court is obligated to maximize limited judicial resources and to best manage U.S. District Judge Lawrence J. O'Neill's burdensome caseload of more than 1,800 cases.  This Court is unable to manage and process cases to suit the parties' whim.  Allowing this action to proceed would jeopardize this Court's delicate case management and would devote inordinate resources to this action at the expense of other actions and litigants.  This Court is unable to devote inordinate efforts and resources to oversee and address plaintiffs' malfeasance.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES this action without prejudice in its entirety; and
2. DIRECTS the clerk to enter judgment pursuant to this order and to close this action.

IT IS SO ORDERED.

**Dated:   April 2, 2013**                 /s/  Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE