# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MICHAEL NEMEE, et al.<br><br>Debtors | 1:12-CV-02048-LJO-SKO<br><br>**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**<br>(Doc. 10) |
| MICHAEL NEMEE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRENT HARRINGTON, et al.,<br><br>Defendants. | |

**PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if

Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

## INTRODUCTION

Plaintiffs Kenneth and Michelle Nemee ("Plaintiffs") seek reconsideration to set aside dismissal of this action due to their attorney Kenneth Foley's ("Mr. Foley's") failure to comply with this Court's order for a status report to address continued stay of this action. Defendants Calaveras County and three of its employees (collectively "Defendants") oppose reconsideration on the basis of lack of evidence of excusable neglect by Plaintiffs' attorneys. For the reasons discussed below, this Court CONDITIONALLY GRANTS reconsideration and sets aside this action's dismissal.

## BACKGROUND

### Facts and Procedural History

Plaintiffs initiated action in this Court to withdraw the bankruptcy reference of their adversary proceeding and to transfer the adversary proceeding to this Court as a civil action separate from their completed Chapter 7 bankruptcy. This Court's January 8, 2013 order ("January 8 order") granted Plaintiffs' motion to withdraw, transferred the adversary proceeding to this Court as this action, and stayed this action pending appeal of a related action. The January 8 order further required the parties "no later than March 21, 2013 and every 60 days thereafter, to file a joint status report to address the status of the appeal" of the related matter and the need to continue stay of this action. The January 8 order was electronically mailed to Mr. Foley at two different email addresses and Plaintiff's other counsel of record Malcolm Gross ("Mr. Gross") at his email address separate from Mr. Foley's email addresses.

After the parties failed to file a timely status report, this Court's March 25, 2013 notice ("March 25 notice") advised the parties that "this Court will dismiss and close this action, unless no later than April 1, 2013, a joint status report or other papers are filed showing good cause not to dismiss and close this action." The March 25 notice as electronically mailed to Mr. Foley at his two email addresses and to Mr. Gross at his separate email address.

By his March 25, 2013 email, defense counsel forwarded the March 25 notice to Mr. Foley and requested Mr. Foley to "prepare a joint status report discussing your intent with respect to the case and forward it to me for comment." On April 1, 2013, defense counsel filed his declaration to indicate inability to contact Mr. Foley to prepare a joint status report. Defense counsel's email was electronically mailed to Mr. Foley at his two email addresses and to Mr. Gross at his separate email address.

This Court's April 2, 2013 order ("April 2 order") dismissed this action based on Plaintiffs' failure to comply with both the January 8 order to file a status report and the March 25 notice that provided another opportunity to file a status report. An April 2, 2013 judgment was entered. On April 16, 2013, Plaintiffs filed the instant motion for reconsideration of the dismissal on the basis of excusable neglect pursuant to Fed. R. Civ. P. 60(b). Defendants filed an opposition on May 6, 2013, and Plaintiffs filed a reply on May 13, 2013.

**Noncompliance with this Court's March 25 Notice**

The declarations of Mr. Foley and his secretary Melissa Gibson ("Ms. Gibson") in support of Plaintiffs' motion for reconsideration address Mr. Foley's failure to file a status report in that:

1. Mr. Foley had a hip replacement on January 28, 2013 and did not return to work full time until early March 2013;
2. Mr. Foley's 99-year-old father was hospitalized after a fall and suffered pneumonia;
3. To care for his father, Mr. Foley traveled to New Jersey during March 25, 2013 to April 2, 2013;
4. After Mr. Foley left for New Jersey, his office experienced "internet connection problems" and his email account was frozen until service was restored on April 2, 2013;
5. While Mr. Foley was traveling, he was unable to read emails received prior to March 27, 2013;
6. On April 3, 2013, Mr. Foley saw the April 2 order to dismiss;
7. Mr. Foley first saw the March 25 notice on April 7, 2013 after he was able to

3

review downloaded emails, including the Court's email of the March 25 notice; and

8.    Mr. Foley had never seen the March 25 notice until after dismissal.

## DISCUSSION

### Fed. R. Civ. P. 60(b) Motion for Relief from Final Judgment

**A.    Legal Standard**

Plaintiffs seek to set aside dismissal by arguing that Mr. Foley's neglect that resulted in Plaintiffs' noncompliance with this Court's March 25 notice was excusable. Defendants fault plaintiffs' failure to establish excusable neglect of Mr. Foley and Mr. Gross.

Under Fed. R. Civ. P. 60(b)(1), courts are permitted "to reopen judgments for reasons of 'mistake, inadvertence, surprise, or excusable neglect,' but only on motion made within one year of the judgment." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 393 (1993). "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence," and includes "omissions caused by negligence." *Id*. at 394, 388. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. The Supreme Court in *Pioneer* affirmed the Sixth Circuit Court of Appeals' identification of four factors used to make this determination: (1) "the danger of prejudice to the [opposing party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id*. (citing *In re Pioneer Inv. Servs. Co*., 943 F.2d 673, 677 (6th Cir. 1991)).

The Ninth Circuit adopted the *Pioneer* equitable test for Fed. R. Civ. P. 60(b) cases in *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). ("We now hold that the equitable test set out in *Pioneer* applies to Rule 60(b) as well."). The Ninth Circuit, in interpreting *Pioneer*, has recognized that, "In *Pioneer* itself, the Court adopted a broader and more flexible test for excusable neglect." *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004). "A narrower test existed in many circuits before *Pioneer* that limited excusable neglect to situations that were beyond the control of the movant for an extension[.]" *Id*. In particular, the Ninth Circuit acknowledges that "*Pioneer* had

4

worked a change in our circuit's law as to what constitutes excusable neglect," in that "our 'strict standard,' which required both a showing of extraordinary circumstances that prevented timely filing and injustice resulting from denying an extension, gave way to an equitable determination that involves consideration of the four *Pioneer* factors." *Id*. (internal citations omitted). In addition, the Ninth Circuit has expressly admonished lower courts to conform our analyses to the four factors identified by the Supreme Court. *Lemoge v. United States*, 587 F.3d 1188, 1193-94 (9th Cir. 2009) ("[W]hen a Supreme Court case identifies explicitly just four factors to be considered in assessing a type of problem, then whatever else is discussed, the analysis of the lower court should normally address the factors that the Supreme Court has identified.").

Finally, even where the neglect resulting in dismissal is attributable to a party's counsel, "clients must be held accountable for the acts and omissions of their attorneys," such that "the proper focus is upon whether the neglect of [the party] *and their counsel* was excusable." *Pioneer*, 507 U.S. at 396 (emphasis in the original).

With these standard in mind, the Court turns to the parties' arguments.

**B.   Analysis**

The Court will address each *Pioneer* factor in turn as it applies to the instant case.

**1.   Danger of Prejudice to Opposing Party**

Neither party attempts to argue that granting Plaintiffs relief from the dismissal here would result in prejudice to Defendants. The Court likewise perceives no danger of prejudice to Defendants. Indeed, Plaintiffs brought this action to withdraw the bankruptcy reference of their adversary proceeding and to transfer the adversary proceeding to this Court as a civil action. This Court had already granted Plaintiff's motion to withdraw reference and transfer the case over Defendants' objections before any delay occurred. Therefore, granting Plaintiffs relief from the dismissal places Defendants in the same position they were in following the Court's January 8 order.

This factor does not weigh against granting Plaintiffs' motion for reconsideration.

**2.   Length of Delay and Potential Impact on Judicial Proceedings**

Although Plaintiffs twice failed to comply with the Court's express instructions to file a status report, the length of delay is not unreasonable under the circumstances. The Federal Rules of

Civil Procedure require that a Rule 60(b) motion be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." The Court first ordered the parties to file a joint status report by March 21, 2013. The Court then extended to the Plaintiffs a second chance to file the status report by April 1, 2013. Mr. Foley returned to full-time practice in early March 2013 following hip replacement surgery and traveled for a family medical emergency from March 25, 2013 through April 2, 2013. After missing both deadlines, in spite of this Court's admonishing the parties to comply, Plaintiffs filed this motion for reconsideration explaining the delay on April 16, 2013. At most, the delay amounted to less than four weeks – the time elapsed between the Court's original deadline and Plaintiffs' filing of this motion. This delay is not unreasonable under the circumstances. It is understandable that Mr. Foley, as a sole practitioner, required time to catch up on the status of his cases while recovering from surgery and caring for his ill father. *See*, *Lemoge*, 587 F.3d at 1197 (Granting plaintiffs' Fed. R. Civ. P. 60(b) motion when it was filed seven months after dismissal due to counsel's medical issues). Further, a delay of this length is "not long enough to justify denying relief," and there is no evidence that proceedings "have been postponed for an inordinate amount of time." *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000) (Granting plaintiffs' Fed. R. Civ. P. 60(b) motion where counsel's negligence resulted in a delay of over one month).

Therefore, this factor weighs in favor of granting Plaintiffs' motion for reconsideration.

### 3. Reason for Delay

The only *Pioneer* factor disputed by the parties is the reason for the delay. Defendants set forth two main arguments as to the insufficiency of Plaintiffs' purported reason for the delay. First, Defendants argue that Plaintiffs do not account for the failure of Mr. Gross to comply with the Court's orders. Second, Defendants argue that the reasons given for Mr. Foley's delay are inadequate.

Mr. Foley stated in his declaration that Mr. Gross' name was included as an attorney of record for Plaintiffs because Mr. Gross was, at one time, the attorney of record in Plaintiffs' bankruptcy proceeding. However, Mr. Gross has had no involvement with the current action in this Court.

Plaintiffs allege that the delay occurred because of Mr. Foley's recovery from hip

replacement surgery, his travel for a family medical emergency, and the internet connection problems Mr. Foley's office experienced while he was traveling. Defendants argue that Plaintiffs' assertions as to the reason for the delay, even if taken as true, are not evidence of excusable neglect.

The Ninth Circuit has found counsel's medical problems to be a valid reason for delay in the context of Fed. R. Civ. P. 60(b)(1). In *Lemoge*, the plaintiffs' attorney failed to timely respond to an order to show cause due to medical complications, including suffering a staph infection and undergoing surgery. 587 F.3d at 1191. The district court dismissed the plaintiffs' action and denied their Rule 60(b)(1) motion. *Id*. at 1196-97. In reversing the district court's denial of Rule 60(b)(1) relief, the Ninth Circuit found that, "the district court erred in its conclusion that [plaintiffs' counsel] did not provide adequate reasons for the delay" because plaintiffs' counsel's medical problems explain "why he did not respond to the district court's order to show cause, and why he did not file the Motion until seven months after the case had been dismissed." *Id*. at 1197. The Ninth Circuit further stated that, "[t]here is no question that [counsel] could have handled his practice better, but under the circumstances, [he] provided adequate reasons for the delay." *Id*.

The Ninth Circuit also has recognized grounds for Rule 60(b) relief where counsel missed filing deadlines due to travel for family emergencies. In *Bateman*, the plaintiffs' attorney traveled to Nigeria for a family emergency, and, as a result, failed to file a response to the defendants' motion for summary judgment. 231 F.3d at 1222. The district court granted the defendants' motion as unopposed and denied the plaintiffs' Rule 60(b) motion. The Ninth Circuit reversed the district court's denial and stated that counsel's reasons for delay, although "admittedly[] weak," establish that his actions leading to the delay "resulted from negligence and carelessness, not from deviousness or willfulness." *Id*. at 1225. Thus, the reason for delay was found to be sufficient where there was no evidence of bad faith.

Here, Mr. Foley suffered medical problems *and* traveled for a family emergency. In addition, his office experienced internet connection problems that also contributed to the delay. While Mr. Foley "should have arranged for someone to handle his cases while he was away," and "could have handled his practice better," his errors resulted from negligence rather than deviousness, and he has provided adequate reasons for the delay under the circumstances. *Lemoge*, 587 F.3d at 1197; *Bateman*, 231 F.3d at 1225. Indeed, as the Ninth Circuit has recognized, "*Pioneer* made clear that the

standard is a balancing test, meaning that a delay might be excused even where the reasons for the delay are not particularly compelling." *Pincay*, 389 F.3d at 858 (quoting *United States v. Brown*, 133 F.3d 993, 997 (7th Cir.1998)).

### 4. Whether Movant Acted in Good Faith

There is no evidence that Mr. Foley acted with anything less than good faith. Indeed, Defendants do not question Mr. Foley's assertions in the instant motion or in his declaration that he acted with good faith. This Court likewise finds no basis to doubt whether Mr. Foley acted in good faith.

This Court finds that Mr. Foley repeatedly "showed a lack of regard for his client's interests and the court's docket" by failing to comply with not one but two consecutive orders by this Court. *Bateman*, 231 F.3d at 1225. However, "a district court may find neglect 'excusable' if it is caught quickly, hurts no one, and is a real mistake, rather than one feigned for some tactical reason – even if no decent lawyer would have made that error." *Pincay*, 389 F.3d at 860 (Berzon, J. concurring). Because Mr. Foley acted in good faith, provided acceptable reasons for the delay, and did not cause an unreasonable delay, and there is no risk of prejudice to Defendants, the Court CONDITIONALLY GRANTS Plaintiffs' motion for reconsideration.

### REIMBUSEMENT SANCTIONS AS A CONDITION OF GRANTING RELIEF

This Court finds that defendants should not have had to waste their time and resources opposing or participating in the motion for reconsideration. As the motion was brought, it was reasonable for Defendants to oppose. As such, plaintiffs' reimbursement of defense fees to prepare papers to oppose plaintiffs' motion is a condition to grant plaintiffs' requested relief. No later than 28, 2013, defense counsel, unless he agrees to waive reimbursement sanctions, must file a declaration indicating the reasonable cost to defendants to prepare papers to oppose the motion. No later than May 31, 2013, plaintiffs' counsel may file legitimate objections to the amount noted by defense counsel.

This Court will rule on objections filed and order the amount owed to Defendants. If no timely objection is filed, the condition will be established.

Within 10 court days after the condition is settled, either through no objections being filed or the Court's ruling on objections, plaintiffs' counsel must file a declaration to indicate that the

reimbursement has been paid to defense counsel.  If no such timely declaration is filed, the condition will not have been met and this action will remain DISMISSED.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court:

1. CONDITIONALLY GRANTS Plaintiffs Kenneth and Michelle Nemee's Fed. R. Civ. P. 60(b) motion for relief from the Court's April 2, 2013 order;

2. CONDITIONALLY SETS ASIDE judgment;

3. DIRECTS the Clerk to reopen this action until the Court determines, within 30 court days, whether the condition has been met; and

4. If the condition is met, ORDERS the parties, no later than July 12, 2013, and every 60 days thereafter, to file status reports to address appeal of the related matter and continued stay of this action; or

5. If the condition is not met, DENIES relief and ORDERS that this action remain dismissed.

IT IS SO ORDERED.

Dated:   **May 20, 2013**             /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE